UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY DEWAYNE ALLEN,

Petitioner,

v.                                                    CAUSE NO. 3:19-CV-1038 DRL-MGG

WARDEN,

Respondent.

OPINION AND ORDER

Anthony Dewayne Allen, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC-19-4-103) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing dangerous contraband in violation of Indiana Department of Correction Offense 106. Following a disciplinary hearing, he was sanctioned with a loss of two hundred ten days earned credit time and a demotion in credit class.

Mr. Allen argues that he is entitled to habeas relief because the hearing officer lacked sufficient evidence to support a finding of guilt. He contends that the evidentiary record included only a video recording and that the sharpened metal described in the conduct report could not been on the video recording. He also contends that the correctional officer who issued the conduct report fabricated the existence of the sharpened metal due to the lack of any corroborating evidence.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long

> as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional officer stated that he stopped Mr. Allen at a metal detector and found a nine-inch sharpened metal object in Mr. Allen's knee brace. ECF 9-1. The record contains a video recording consistent with this report. ECF 9-8. Though the sharpened metal is not visible on the video recording, the administrative record also contains a photograph of the sharpened metal. ECF 9-4. The conduct report, video recording, and photograph constitute some evidence that Mr. Allen possessed a dangerous weapon. Therefore, the argument that the hearing officer lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

Mr. Allen argues that he is entitled to habeas relief because no statement was obtained from another correctional officer who was present at the metal detector. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Mr. Allen concedes that he did not request the correctional officer as a witness. ECF 18 at 5. Consequently, the claim that no statement was obtained from the correctional officer is not a basis for habeas relief.

Because Mr. Allen has not demonstrated that he is entitled to habeas relief, the habeas petition is denied. If Mr. Allen wants to appeal this decision, he does not need a

2

certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not *proceed in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 4);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Anthony Dewayne Allen leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

February 4, 2021                                    s/ *Damon R. Leichty*
                                                   Judge, United States District Court